**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE STEVENS, | No. 17-15757 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00368-MMD-VPC |
| v. | |
| SHERYL FOSTER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 15, 2018**

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Nevada state prisoner Theodore Stevens appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims arising from his transfer and placement in administrative segregation. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by denying Stevens leave to file a second amended complaint because further amendment would be futile. *See id.* (dismissal without leave to amend is proper "where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile"); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (concluding that "discipline in segregated confinement did not present the type of atypical, significant deprivation" required to create a liberty interest).

In his opening brief, Stevens failed to challenge the district court's grant of summary judgment for defendants, and therefore Stevens waived any challenge to summary judgment. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

**AFFIRMED.**